IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OLAKWESU Y. ELBEY, | ) | |
| IN RE: BILLY RAY STOWE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO.: 2:20-CV-890-WHA-CSC |
| | ) | [WO] |
| WARDEN DEBORAH TONEY, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Olakwesu Y. Elbey, a frequent federal litigant, filed this action on November 1, 2020.[1]

Elbey seeks to bring this petition for writ of habeas corpus on behalf of Billy Ray Stowe.[2]  The

petition was neither drafted nor signed by Stowe but by Elbey, an individual who identifies himself

as a member "of The Larry Ellis Ealy Foundation A Social Welfare Non-Profit Entity out of the

State of Ohio,"  and who states he is "sitting by assignment with [Stowe]." Doc. No. 1 at 1.  The

court takes judicial notice of its own records which indicate Elbey is not an attorney, and he

therefore cannot file a civil action on behalf of another *pro se* litigant.[3]  *See* Rule 11(a), F. R. Civ.

---

[1]Olakwesu Y. Elbey is also known as Larry E. Ealy.  *See Elbey v. Henderson, et. al.*, Case No. 3:10-CV-143-TMR-SLO (S.D. Ohio 2010) (finding that Larry E. Ealy is Olakwesu Y. Elbey); *Elbey v. Henderson, et al.*, Case No. 3:10-437-WHR-SLO (S.D. Ohio 2010) (same); *Elbey, a.k.a Ealy, v. Farley, et al.*, Case No. 4:11-CV-1510-PAG (N.D. 2011) (Elbey acknowledges in habeas petition that he is also known as Larry E. Ealy); *see also State of Ohio v. Ealy,* Civil Action No. 1:09-cv-245-SJD (S.D. Ohio 2009) (explaining that "Mr. Ealy has a history of unsubstantial and vexatious litigation in this and other courts[,] [] has abused the privilege of proceeding *in forma pauperis*," and further identifying over forty cases filed *pro se* by Ealy over a nine year period in the Southern District of Ohio alone).

[2]The instant petition asserts challenges to Stowe's conviction for Rape entered against him by the Circuit Court for Fayette County, Alabama, and seeks his immediate release. Doc. 1 at 5–8; *see also* http://www.doc.state.al.us/InmateHistory (last visited November 10, 2020).

[3]*See Elbey v. Valenza,* Civil Action No. 1:17-cv-469-MHT (M. D. Ala. 2017) (Doc. 2 at 1 n.1) (noting that "when delivering the instant petition to this court, Elbey identified himself as Larry Ealy.  During a

P. ("Every pleading, written motion, and other paper must be signed by [an] attorney of record . . . or by a party personally if the party is unrepresented."); 28 U.S.C. § 1654 ("In courts of the United States the parties may plead and conduct their cases personally or by counsel[.]"); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (holding that "in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").  Moreover, there is no indication from the instant habeas application that Stowe  wishes to pursue this action.

Regarding Elbey's claim he is "sitting by assignment" with Stowe, to litigate an action on another's behalf, Elbey "[1] must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action[,] . . . [2] must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[,]. . .and [3] must have some significant relationship with the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Here, it is unclear whether Stowe is aware this action has been filed, the habeas application is devoid of any explanation as to why Stow is unable prosecute the action on his own behalf, and Elbey, other than claiming to be "sitting by assignment" for Stowe, provides no other description regarding the significance, if any, of their relationship. Elbey has therefore not established "next friend" standing to bring this action. *See Whitmore*, 495 U.S. at 163; *Centobie v. Campbell*, 407 F.3d 1149, 1151 (11th Cir. 2005).

## II. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and this case be DISMISSED.

---

conversation with a Deputy Clerk, Ealy conceded he is not an attorney licensed to practice law and further denied he was also known as Olakwesu Y. Elbey.").

**On or before November 30, 2020**, Petitioners may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Petitioners object.  Frivolous, conclusive or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of November 2020.


   /s/  Charles S. Coody        
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE